FILED
CLERK
11:30 am, Apr 03, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NICOLE RIVELLI,

                              Plaintiff,           **MEMORANDUM OF**
                                               **DECISION & ORDER**
          -against-                     2:18-cv-3322 (ADS)(GRB)

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY d/b/a AMERICAN
EDUCATION SERVICES, INC.,

                              Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Aronow Law, PC**
*Counsel for the Plaintiff*
20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797
        By:     Eckor Joseph, Esq., Of Counsel

**Hand Baldachin & Associates LLP**
*Counsel for the Defendant*
8 West 40th Street, 12th Floor
New York, NY 10018
        By:     Adam B. Michaels, Esq., Of Counsel

**SPATT, District Judge**:

       On June 6, 2018, Nicole Rivelli ("Rivelli" or the "Plaintiff") initiated this action against the Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services, Inc. ("PHEAA" or the "Defendant"), for damages stemming from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), as well as violations of numerous state laws. The Plaintiff contends that the Defendant improperly collected a student loan debt after receiving notice of Rivelli's bankruptcy filing.

1

Presently before the Court is a motion by PHEAA, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiff's complaint in its entirety. For the following reasons, PHEAA's motion to dismiss pursuant to Rule 12(b)(6) is granted.

## I. BACKGROUND

### A. The Factual Background

Unless otherwise noted, the following salient facts are drawn from the complaint and are construed in favor of the Plaintiff.

The Plaintiff is a natural person who resides in Selden, New York.

On April 30, 2018, the Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The case number is 8-18-72942-reg and currently assigned to Judge Robert E. Grossman. Complaint ("Compl.") at ¶ 8.

That same day, the Defendant was served with a Notice of Chapter 7 Bankruptcy Case, which, according to the Plaintiff, constituted actual notice of the bankruptcy filing. *Id.* at ¶ 9. The Defendant services the Plaintiff's student loan. *Id.* at ¶ 13.

On May 8, 2018, PHEAA electronically transferred $475.47 from Rivelli's personal bank account. *Id.* at ¶ 14.

The Plaintiff alleges that PHEAA improperly debited her personal account, in violation of the Bankruptcy Code's automatic stay.

### B. The Procedural Background

On June 6, 2018, the Plaintiff commenced this action against the Defendant by filing a summons and complaint in this Court.

The present motion in this action was filed on August 10, 2018. The Plaintiff failed to respond, and accordingly, the motion is deemed unopposed.

## II. DISCUSSION

**A. Standard of Review**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Although this motion to dismiss stands unopposed, the movant is still required to establish entitlement to the requested relief. *See Galicia v. Tobiko Rest., Inc.*, No. 16-cv-4074, 2017 WL 2437260, at *1 (E.D.N.Y. June 3, 2017) (Spatt, J.).

**B. Fair Debt Collection Practices Act**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (noting that the purpose of the FDCPA is "to protect consumers from deceptive or harassing actions taken by debt collectors"). Under the FDCPA, "any debt collector who fails to comply with any provision of [§ 1692] with respect to any person is liable to such person[.]" 15 U.S.C. § 1692k(a). The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt

4

collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010).

In order to successfully state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d, 542, 548 (S.D.N.Y. 2010) (internal citations omitted); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (same).

Second Circuit courts evaluate FDCPA claims based upon how the "least sophisticated consumer" would understand the communication at issue. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012) (per curiam) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

**C. Application to the Facts**

PHEAA argues that the Plaintiff fails to successfully allege a claim under various provisions of 15 U.S.C. § 1692e or 15 U.S.C. § 1692f because the FDCPA does not apply to a loan servicer like PHEAA for debt that is not in default at the time it was obtained. As stated above, to successfully plead an FDCPA claim, a borrow must allege that the defendant is a "debt collector."

Section 1692a(6) provides that

The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

> the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

This definition includes a series of exceptions, including any person attempting to collect "any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). "Only when the loan servicer obtains the rights to service a loan while the loan is in default may the servicer be considered a debt collector for the purposes of the FDCPA." *In re Residential Capital, LLC*, No. 12-12020, 2014 WL 340027, at *5 (Bankr. S.D.N.Y. Jan. 30, 2014).

As the complaint articulates, the Defendant serviced the Plaintiff's loan, which derived from her student loans. *See* Compl. at ¶ 13. However, the complaint does not allege that the Plaintiff's debt was ever in default, either before, during, or after PHEAA obtained it. Rivelli's failure to allege that her student loan was in default when PHEAA began servicing it precludes her FDCPA cause of action. *See, e.g.*, *Jones v. Pa. Higher Educ. Assistance Agency*, No. CV 16-00107, 2017 WL 4594078, at *10 (C.D. Cal. July 24, 2017) ("student loan servicers that began servicing prior to default are not debt collectors under the FDCPA" (internal citations omitted))

The Plaintiff's allegations are insufficient to establish that PHEAA is a debt collector within the meaning of the FDCPA. Accordingly, Rivelli's FDCPA claim is dismissed.

**D. As to State Law Claims**

The Plaintiff also asserts numerous state law causes of action, including General Business Law ("GBL") § 349 and §600.

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In employing its

discretion, the district court balances the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). In the Second Circuit, "when the federal claims are dismissed the state claims should be dismissed as well." *In re Merrill Lynch Ltd. P'Ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (internal citations and quotation marks omitted). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining jurisdiction over the remaining state-law claims.'" *Id*. (citing *Cohill*, 484 U.S. at 350 n.7). As the Supreme Court noted in *United Mine Workers v. Gibbs*, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

As this Court has dismissed the Plaintiff's only claim sounding in federal law, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ..."); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994); *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991). *See, e.g.*, *Senese v. Longwood Cent. Sch. Dist.*, 330 F. Supp. 3d 745, 777 (E.D.N.Y. 2018) (Spatt, J.) (declining to exercise supplemental jurisdiction after all federal claims are dismissed); *Fernandes v. Moran*, No. 2:17-cv-3430, 2018 WL 2103206, at *11 (E.D.N.Y. May 7, 2018) (Spatt, J.) (same); *Calverton Hills Homeowners Ass'n, Inc. v. Nugent Building Corp.*, No. 2:17-cv-03916, 2017 WL 6598520, at *13 (E.D.N.Y. Dec. 26, 2017) (Spatt, J.) (same).

Accordingly, the Plaintiff's state law claims are dismissed without prejudice.

7

## III.  CONCLUSION

For the reasons set forth above, PHEAA's motion pursuant to Rule 12(b)(6), to dismiss the Plaintiff's complaint is granted.  The Clerk of the Court is directed to close this case.

It is **SO ORDERED**:

Dated:  Central Islip, New York

April 3, 2019

          */s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge